## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

CISCO SYSTEMS, INC.,

                  Plaintiff-Appellant,

v.

ARISTA NETWORKS, INC.,

                  Defendant-Appellee.

No. 2017-2145

## CISCO'S OPPOSITION TO ARISTA'S MOTION FOR 60-DAY EXTENSION OF TIME TO FILE APPELLEE'S BRIEF

Plaintiff-Appellant Cisco Systems, Inc. ("Cisco") respectfully submits this opposition to Defendant-Appellee Arista Networks, Inc.'s ("Arista") motion for a sixty (60) day extension of time to file Appellee's Brief. ECF No. 44 ("Arista Mot."). Arista has not shown the requisite "good cause" for an extension as long as 60 days. Thus, Arista's motion for a 60-day extension should be denied, although Cisco consents to a 30-day extension—the same extension of time that Cisco requested and was granted for its own opening brief. ECF No. 28.

## ARGUMENT

Arista's motion should be denied on any or all of the following grounds:

1.    First, Arista has made no attempt to demonstrate the requisite showing of "good cause" to support its motion for a 60-day extension of time. Fed. R.

App. P. 26(b) (Court may extend time "[f]or good cause"); Fed. Cir. Rule. 26(b)(4), (5) (motion requires "showing good cause"). For example, Arista does not identify any commitments or responsibilities that fall near Arista's current deadline of October 23, 2017. Rather, as Arista concedes, its listed cases and filings were apparently conducted *before* Cisco filed its opening brief. Arista Mot. ¶ 4 (listing cases and filings "since the May 10, 2017 JMOL ruling," and noting that counsel had "little time to do much *advance* work") (emphasis added). That Arista's counsel may have had commitments months *before* receiving Cisco's opening brief does not affect Arista's ability to prepare a timely response under the Court's current deadline—a time period for which Arista does not specifically identify any intervening filings or commitments.

Arista also claims that the trial record below was "extensive" and that Cisco briefed multiple grounds for reversal. Arista Mot. ¶¶ 1-2. To the contrary, Cisco's whole appeal is limited to a *single* affirmative defense to Arista's copyright infringement—scènes à faire—for which the district court provided a *single* instruction to the jury. If anything, this appeal is unusually narrow in its scope. Nor does the fact that Arista has only "one chance" to respond to Cisco's arguments constitute good cause (Arista Mot. ¶ 3), as this is true of every appellee, and certainly does not justify a two-month extension beyond this Court's default deadlines. Based on the lack of good cause for such an unusually long extension,

2

Arista's motion raises concerns about undue delay to remedy Arista's infringing activity. *Cf. Cisco Systems, Inc. v. ITC*, No. 17-2289, ECF No. 57 (Fed. Cir. Sept. 22, 2017) (denying Arista's motion to stay enforcement of ITC orders involving Arista's infringing products).

2.      Earlier in this appeal, Cisco requested and received (with Arista's consent) a 30-day extension of time to file its opening brief. ECF No. 28. Upon receiving Arista's request for a 60-day extension, Cisco responded that it would consent to a 30-day extension, equivalent to what Cisco received, and also offered to consider other time frames shorter than 60 days. While Arista argues that Cisco's time to prepare its own brief ostensibly began at the date of the district court's adverse decision (Arista Mot. at 5), this is true of every appeal, and is already incorporated into this Court's default deadlines. Arista's quarrel with this Court's default deadlines is no justification to disregard them.

3.      Moreover, if granted, Arista's 60-day extension would set a deadline for Cisco's reply brief of Friday, December 22, 2017 (right before the holiday season), which would make Cisco's reply due on Friday, January 5, 2018—a time period that would subsume the *entire* holiday season. This would render Cisco's ability to effectively prepare its reply brief impractical and untenable, given office closures and holiday unavailability of Cisco's counsel and Cisco staff.

4.     Notwithstanding the absence of good cause, Cisco consents in the spirit of fairness to a grant of a 30-day extension to file Appellee's Brief, which would extend that deadline from October 23, 2017 to **November 22, 2017**.  This extension of 30 days would more than adequately address Arista's proffered justifications, and would enable the completion of briefing before the holiday season commences.

## CONCLUSION

For the foregoing reasons, Arista's motion for a 60-day extension of time to file Appellee's Brief should be denied.  Cisco consents to a 30-day extension of time for Arista to file Appellee's Brief, to and including November 22, 2017.

Dated:  September 29, 2017          Respectfully submitted,

By: */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathleensullivan@quinnemanuel.com

*Attorney for Plaintiff-Appellant*

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Plaintiff-Appellant Cisco Systems, Inc. certifies the following:

**1.     The full name of every party or amicus represented by me is:**

Cisco Systems, Inc.

**2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.     All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by me are:**

None.

**4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

<u>Quinn Emanuel Urquhart & Sullivan, LLP:</u> Carl G. Anderson; Todd Anten; Amy H. Candido; Matthew Cannon; Steven C. Cherny (previously of Kirkland & Ellis LLP); Andrew M. Holmes; David A. Nelson; Jason L. Liu; John M. Neukom; Jordan R. Jaffe; Sara E. Jenkins; Peter A. Klivans; Sean S. Pak; Owen Roberts; Kathleen M. Sullivan; Kenneth K. Suh; Lance L. Yang; Mark Y. Tung

<u>Desmarais LLP:</u>  Tom BenGera; Paul A. Bondor; John M. Desmarais; Brian Leary;

Tamir Packin; Michael R. Rhodes

<u>Kirkland & Ellis LLP:</u>  Adam R. Alper; Michael W. De Vries; Brian P. Gearing;

Alan S. Kellman; Joshua L. Simmons; Michael A. Wueste

<u>Covington & Burling LLP:</u>  Phillip H. Warren

<u>Boise, Schiller & Flexner:</u>  Richard A. Feinstein


Dated:  September 29, 2017                    Respectfully submitted,

                                              By: *<u>/s/ Kathleen M. Sullivan</u>*
                                              Kathleen M. Sullivan
                                              QUINN EMANUEL URQUHART &
                                                  SULLIVAN, LLP
                                              51 Madison Avenue, 22nd Floor
                                              New York, NY 10010
                                              Telephone: (212) 849-7000
                                              Facsimile: (212) 849-7100
                                              kathleensullivan@quinnemanuel.com

                                              *Attorney for Plaintiff-Appellant*

## **PROOF OF SERVICE**

The undersigned hereby certifies that on September 29, 2017, I electronically filed the foregoing CISCO'S OPPOSITION TO ARISTA'S MOTION FOR 60-DAY EXTENSION OF TIME TO FILE APPELLEE'S BRIEF with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


*/s/ Kathleen M. Sullivan*
Kathleen M. Sullivan

7