# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

CISCO SYSTEMS, INC.,

                Plaintiff-Appellant,

v.

ARISTA NETWORKS, INC.,

                Defendant-Appellee.

No. 2017-2145

## JOINT MOTION FOR LIMITED REMAND PURSUANT TO RULE 12.1 TO ALLOW THE DISTRICT COURT TO VACATE THE JUDGMENT

Plaintiff-Appellant Cisco Systems, Inc. ("Cisco") and Defendant-Appellee Arista Networks, Inc. ("Arista") jointly move the Court pursuant to Federal Rule of Appellate Procedure 12.1 to remand this action to the district court for the limited purpose of allowing the court to vacate the judgment in this action in light of the parties' settlement of the pending litigation between them. Fed. R. App. P. 12.1(a) provides that, where a timely motion is made in the district court that cannot be granted because an appeal has been docketed and is pending, "the movant must promptly notify the circuit clerk if the district court states … that it would grant the motion." On September 5, 2018, the district court so stated, granting the parties' joint motion for an indicative ruling under Fed. R. Civ. P. 62.1, and stating that "it would grant a motion under Fed. R. Civ. P. 60(b) to vacate the Judgment if the

1

Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose." No. 14-cv-5344 (N.D. Cal.), Dkt. 796. Accordingly, the parties jointly seek such a remand here.

## PROCEDURAL BACKGROUND

On December 19, 2016, following a jury verdict finding copyright infringement but finding that it was excused under the scènes à faire doctrine, the district court entered judgment in this case. No. 14-cv-5344 (N.D. Cal.), Dkt. 750 ("Judgment"). On June 6, 2017, following denial of its post-trial motions, Cisco filed a timely notice of appeal. After completion of briefing, oral argument was held on June 6, 2018 before the panel (Prost, C.J., Dyk and Taranto, JJ.) after which the case was submitted. Dkt. 106. A decision has not yet been issued.

On September 4, 2018, pursuant to a settlement agreement between the parties that resolved the pending litigation, the parties jointly moved the court below to issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 stating that the court would grant a motion to vacate the Judgment if this Court remands the action back to it for that limited purpose. *See* No. 14-cv-5344 (N.D. Cal.), Dkt. 795. In light of the court's grant of that motion, *see id.*, Dkt. 796 (Sept. 5, 2018), the parties now seek limited remand from this Court.

## **RELIEF REQUESTED**

Federal Rule of Appellate Procedure 12.1 provides:

(a) <u>Notice to the Court of Appeals.</u> If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

(b) <u>Remand After an Indicative Ruling.</u> If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Here, the district court has now issued an indicative ruling stating: "Having considered the arguments of the parties and the papers submitted, and finding good cause therefor, the Court hereby GRANTS the parties' joint motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 and expressly states that it would grant a motion under Fed. R. Civ. P. 60(b) to vacate the Judgment if the Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose." No. 14-cv-5344 (N.D. Cal.), Dkt. 796 (Sept. 5, 2018).

Given this indicative ruling, the parties respectfully and jointly submit that this Court should grant their joint motion to remand the case to the district court for the limited purpose of allowing that court to grant the parties' joint motion to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b).

3

This Court often has granted such motions for limited remand to effectuate a request to a district court for vacatur of a judgment in similar circumstances. *See, e.g.*, *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 629 F.3d 1374, 1375 (Fed. Cir. 2011) (granting motion to "remand for the limited purpose of the district court's consideration of the parties' motion for vacatur"); *see also, e.g.*, *Tempur-Pedic Mgmt., Inc. v. FKA Distrib. Co.*, 481 F. App'x 615, 615 (Fed. Cir. 2012) (same, citing *Ohio Willow Wood*); *Duncan Kitchen Grips, Inc. v. Boston Warehouse Trading Corp.*, 428 F. App'x 996, 996–97 (Fed. Cir. 2011) (same); *Miller v. Altadis U.S.A. Inc.*, 424 F. App'x 955, 955 (Fed. Cir. 2011) (same); *Dicam, Inc. v. Cellco P'ship*, 416 F. App'x 899, 899 (Fed. Cir. 2011) (similar). The Court should adopt the same approach here, and remand the case to the district court for the limited purpose of considering the parties' joint motion to vacate the Judgment, and otherwise retain jurisdiction over the appeal until the district court decides the motion on remand.

Moreover, it is in the overall public interest for the Court to support parties in negotiating and reaching settlement, including where vacatur is contemplated as part of a settlement, and especially where vacatur is part of a settlement that will resolve multiple pending disputes. *See, e.g.*, *In re Apollo Grp.*, 2012 WL 1378677, at *10 (quoting *Click Entm't, Inc. v. JYP Entm't Co.*, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) (discussing public interest in supporting settlement)).

4

Indeed, the public interest in encouraging settlement is so strong that courts of appeals have found district courts to have abused their discretion in declining to vacate a judgment as part of a settlement. *See, e.g.*, *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, No. 04-6432 (2d Cir. Nov. 20, 2006) (reversing denial of vacatur of judgment that had been sought in order to facilitate a global settlement entered into during the pendency of an appeal where "no significant public interests are affected by the proposed vacatur"). Similarly, no public interest is served here by maintaining the Judgment in light of the parties' settlement.

Pursuant to Fed. R. App. P. 12.1(b), the parties will promptly notify the Court when the district court has decided the underlying motion to vacate the Judgment.

## CONCLUSION

The Court should grant the parties' joint motion to remand the case to the district court for the limited purpose of granting the parties' joint motion in that court to vacate the Judgment.

## STATEMENT REGARDING CONSENT

Counsel for Cisco and Arista represent that the parties are filing this motion jointly.

Dated:  September 6, 2018

By: */s/ Steven A. Hirsch*
STEVEN A. HIRSCH
ROBERT A. VAN NEST
BRIAN L. FERRALL
DAVID J. SILBERT
STEVEN A. HIRSCH
RYAN K. WONG
ELIZABETH K. MCCLOSKEY
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

*Attorneys for Defendant-Appellee*

Respectfully submitted,

By: */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan
Todd Anten
Owen Roberts
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Attorneys for Plaintiff-Appellant*

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Plaintiff-Appellant Cisco Systems, Inc. certifies the following:

**1.    The full name of every party or amicus represented by me is:**

Cisco Systems, Inc.

**2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.    All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by me are:**

None.

**4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

<u>Quinn Emanuel Urquhart & Sullivan, LLP:</u> Carl G. Anderson; Todd Anten; Amy H. Candido; Matthew Cannon; Steven C. Cherny (previously of Kirkland & Ellis LLP); Andrew M. Holmes; David A. Nelson; Jason L. Liu; John M. Neukom; Jordan R. Jaffe; Sara E. Jenkins; Peter A. Klivans; Sean S. Pak; Owen Roberts; Kathleen M. Sullivan; Kenneth K. Suh; Lance L. Yang; Mark Y. Tung

<u>Desmarais LLP:</u> Tom BenGera; Paul A. Bondor; John M. Desmarais; Brian Leary; Tamir Packin; Michael R. Rhodes

<u>Kirkland & Ellis LLP:</u>  Adam R. Alper; Michael W. De Vries; Alan S. Kellman;

Joshua L. Simmons; Michael A. Wueste

<u>Morrison & Foerster LLP:</u>  Brian P. Gearing

<u>Covington & Burling LLP:</u>  Phillip H. Warren

<u>Boise, Schiller & Flexner:</u>  Richard A. Feinstein


Dated:  September 6, 2018

Respectfully submitted,

By: */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathleensullivan@quinnemanuel.com

*Attorney for Plaintiff-Appellant*

## **PROOF OF SERVICE**

The undersigned hereby certifies that on September 6, 2018, I electronically filed the foregoing JOINT MOTION FOR LIMITED REMAND PURSUANT TO RULE 12.1 TO ALLOW THE DISTRICT COURT TO VACATE THE JUDGMENT with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


*/s/ Kathleen M. Sullivan*
Kathleen M. Sullivan